UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DEL REFUGIO LUGO-NAVARRETE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No.: 3:16-cv-02707-BEN<br>3:15-cr-00596-BEN<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |

Movant, Maria Del Refugio Lugo-Navarrete, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255. Respondent, the United States, filed a response, opposing the motion. For the reasons set forth below, this Court **DENIES** the Motion.

## BACKGROUND

On March 5, 2015, Movant was charged by a criminal indictment with (1) conspiracy to distribute cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846; and (2) conspiracy to launder monetary instruments in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and (h). The United States subsequently filed a Superseding Indictment

1

that included the same two counts on June 11, 2015. (Docket Nos. 54, 99).[1] Movant entered a plea agreement with Respondent, in which she "waive[d], to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence . . . unless the Court impose[d] a custodial sentence above the greater of the high end of the guideline range recommended by the United States." (Docket No. 116). Movant thereafter pleaded guilty and came before this Court for sentencing. (Docket No. 251, 260). The Government recommended 37 to 46 months in custody as the high end of the guideline range. (Docket No. 237). The Court imposed a 50-month custodial sentence and a period of supervised release of five years.[2] (Docket No. 260).

Almost eight months after her sentencing, Movant filed the instant motion in which she asserts a single ground for relief. (Docket No. 364). Instead of challenging the voluntariness of her plea agreement or the effectiveness of her counsel, she appears to contend that she was improperly denied an offense level adjustment for minor role. *See Id.* Respondent opposes the Motion asserting it is (1) "procedurally defaulted" for failing to raise the current claim on direct appeal, (2) "fails to set forth sufficient facts to establish" an entitlement to relief, and (3) the Court did not abuse its discretion by finding the Movant was not entitled to a adjustment for minor role. (Doc. No. 374 at 2.)

## **LEGAL STANDARD**

Under section 2255, a movant is entitled to relief if the sentence: (1) was imposed in violation of the Constitution or the laws of the United States; (2) was given by a court without jurisdiction to do so; (3) was in excess of the maximum sentence authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir. 2005). If it is clear the movant has failed to

---

[1] All docket citations refer to the criminal case docket, No. 15-cr-00596-BEN.
[2] While the 50-month sentence exceeded the sentencing range in the Government's recommendation, the sentence was in the middle of the guideline range based on the offense level indicated in the Defendant's plea agreement.

2

state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

# DISCUSSION[3]

## A. Movant's Claim is Procedurally Defaulted

Respondent argues Movant procedurally defaulted her challenge because she failed to file a direct appeal. A federal prisoner who fails to raise a claim on direct appeal procedurally defaults the claim and must demonstrate cause and prejudice or actual innocence to obtain relief under section 2255. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *U.S. v. Avery*, 719 F.3d 1080, 1083 (2013). Respondent contends Movant cannot establish cause, prejudice, or actual innocence to overcome the bar. The Court agrees.

As discussed above, the Movant did not file a direct appeal. Thus, the only issue is whether her Motion involves a constitutional claim that would still be entitled to review upon a showing of good cause and actual prejudice or a non-constitutional claim that is not entitled to review. A claim involving a factual dispute relating to a Pre-Sentence Report is a non-constitutional claim. *United States v. Schlesinger*, 49 F.3d 483, 484-85 (9th Cir. 1994). The Court finds there is neither cause or prejudice that would overcome the procedural default, as Movant's claim is not novel nor is there any indication of prejudice. *See Reed v. Ross*, 468 U.S. 1, 16 (1984) (a petitioner may demonstrate cause if his "constitutional claim is so novel that its legal basis is not reasonably available to counsel."); *see also Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346-47 (2016) (an application of an incorrect Guidelines range and sentencing affects a defendant's substantial rights). Thus, by failing to raise that argument during a direct appeal, Movant

---

[3] The Court determines there is no need for an evidentiary hearing.

3

is barred from raising it here. Accordingly, the Court need not reach the merits of Movant's claim because it is procedurally defaulted.

**B.     Movant's Claim Fails to Set Forth Adequate Facts to Establish Entitlement to Relief**

Additionally, Respondent argues the Motion should be denied because it fails to set forth enough facts to establish an entitlement to relief.[4] (Doc. No. 374 at 7.) Specifically, the Motion "not only fails to state any supporting factual allegations but also fails to state any legal conclusions that would entitle her to relief." (Doc. No. 374 at 9.) As a result, the Motion "can be summarized in two points: (1) the U.S. Sentencing Guidelines permit a two-level reduction for minor participants, and (2) Defendant was denied this reduction." *Id.*

The contention by Movant that she was impermissibly denied a minor role adjustment is a bald legal conclusion unsupported by factual allegations. Such claims need not be considered in a motion to vacate. *Eaton v. United States*, 384 F.3d 235 (9th Cir. 1967.) Additionally, alleged errors that should have been raised on a direct appeal should not be considered in collateral appeals. *Evans v. Mitchell*, 458 F.2d 993 (9th Cir. 1972.) Therefore, Movant has failed to state a cognizable claim for relief under § 2255.

**C.     Movant's Claim Fails to Demonstrate the Court Abused its Discretion in Denying Movant a Minor Role Adjustment at Sentencing**

Alternatively, Movant contends this Court abused its discretion in denying her a minor role adjustment pursuant to the *U.S. Sentencing Guidelines Manual* § 3B1.2(a), (c) at sentencing. (Doc. No. 364 at 5.) At sentencing, the Court "extensively discussed

---

[4] Movant's Motion states, "US v. Hagan, 412 F.3d 887, 893 (8th Cir. 2005) the guidelines permit a mitigating role reduction if she was 'a minimal participant' and a 2-level reduction if she was a minor participant. U.S.S.G. § 3B1.2(a)-(b). Which was denied at the time of sentencing." (Doc. No. 364 at 5.)

4

Defendant's role in the drug trafficking organization and ultimately found that the facts did not justify a reduction for minor role.

The determination to apply a minor role adjustment is based on the totality of the circumstances and is heavily dependent upon the facts of the case. *U.S. Sentencing Guidelines Manual* § 3B1.2 cmt. n. 3(C). The Sentencing Guidelines provide a non-exhaustive list of factors to aid courts in making this determination: (1) the degree to which the defendant understood the scope and structure of the criminal activity; (2) the degree to which the defendant participated in planning or organizing the criminal activity, (3) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority, (4) the nature and extent of the defendant's participation in the commission of the criminal activity, and (5) the degree to which the defendant stood to benefit from the criminal activity. *Id.* § 3B1.2 cmt. n. 3(C)(1)-(5).

The record reveals this Court considered the five factors in conjunction with the Movant's role in the overall drug trafficking organization ("DTO") before determining that she was not "substantially less culpable than the average participant." *See* U.S.S.G. § 3B1.2 cmt. n.3(A), (C). For example, the Court took into account the fact Movant resided at the Stash House (*for a reduced rental rate*) where quantities of narcotics were regularly delivered and distributed, that her vehicle was used to move DTO drug proceeds across the United States, and that Movant was entrusted with the responsibility of removing drug trafficking evidence from the Stash House, just to name a few. (*See* Doc. No. 371 at 11.) Furthermore, the Presentence Report described Movant as a "manager." Compared to the other participants, Movant's "involvement in the criminal activity went beyond being a mere peripheral participant." *Id.* Thus, the totality of the circumstances provided more than enough factual basis for the Court to conclude that Movant fell short of meeting her burden of demonstrating that she was substantially less culpable than the other participants. Therefore, the Court did not abuse its discretion in declining to grant Movant a minor role adjustment at sentencing.

///

5

### D. Certificate of Appealability

To appeal a district court's denial of a § 2255 petition, a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To satisfy this standard, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated above, no reasonable jurist could conclude that Movant is entitled to relief on the arguments set forth in her § 2255 Motion. Accordingly, the Court declines to grant Movant a certificate of appealability.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** Movant's § 2255 motion to vacate, modify, or correct her sentence. The Court also declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated: February __, 2020

Hon. Roger T. Benitez
United States District Judge